UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN DEVON BRIGGS,

Petitioner,

v.

Case No. 2:12-cv-151
HON. GORDON J. QUIST

MICHAEL CURLEY,

Respondent.
________________________________/

**REPORT AND RECOMMENDATION**

Petitioner Kevin Devon Briggs filed this petition for writ of habeas corpus challenging his conviction from a plea to unarmed robbery and his sentence after violating the terms of his probation. Petitioner initially pleaded guilty to unarmed robbery. Petitioner was given a significant reduction and sentenced to seven days time served and placed on probation. The court noted that if petitioner failed to abide by the terms of his probation he would be resentenced and lose the benefit of the reduction. After petitioner violated the terms of his probation, and was arrested on an unrelated felony, he was given a probation revocation hearing for failing to report his change of residence and for failing to complete a treatment program. The court reinstated petitioner's sentence to a term of imprisonment of 5 years 4 months to 15 years. The court explained:

> I've listened to counsel, I've read the update to the presentence report, I read the original presentence report, I conducted the original sentencing in – I recall the case vividly. Mr. Briggs – especially because this was a substantial departure. The guidelines here were 43 to 86 months. And I departed downward to 7 days in jail with credit for 7 days, and a year's probation with entry into a residential treatment program. Departures downward in the State of Michigan rarely occur greater than that.

> I took a chance with Mr. Briggs because I wanted him to get treatment. I read the presentence report and I saw an addict, a long-term addict with a lengthy criminal history, but that was worthy of empathy and perhaps a little mercy, and to take a chance on. I was proven wrong.
>
> Now the reasons behind why you left the program are largely unimportant. You left the program. That was the – there were only a couple of conditions of probation. That was the main condition and that was made clear at the time of sentencing. Only in treatment for 16 days and then as I understand it with the multiple new felonies a lot of it stemmed from when you were apprehended on the underlying warrant and resisting and obstructing and fighting with police officers. And basically the whole supervision went awry and I was proven dreadfully wrong for having departed in the first place.
>
> There is no reason to depart this time. Mr. Kanaby is correct there are in fact reasons to depart upward, but I'm not going to depart upward. While that could be justified with a couple of paragraphs during this hearing, I'm not going to depart upward. I don't see – just like I don't see anything here outside of the – that's substantial and compelling outside of the realm of an everyday unarmed robbery case to go lower than the recommended guideline range, there is nothing for me to go upward for either.
>
> So I will sentence you to a term of imprisonment with the Michigan Department of Corrections right in the middle of the guideline range, which is appropriate. You'll spend a term with the Department not to exceed 15 years, nor less than – 15 years nor less than 64 months, six four, you have credit for 60, six zero days, already served.

Sentencing at 12-13, docket #29. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

Petitioner alleges that:

> I. Trial court violated petitioner's due process rights.
>
> II. The trial court judge disregarded the petitioner's due process and committed reversible error in finding guilt.

> III. Sentencing judge abused his discretion and disregarded petitioner's constitutional rights in sentencing.
>
> IV. Petitioner was ineffectively represented by counsel and appellate counsel.
>
> V. The trial court abused her discretion and committed reversible error in finding petitioner guilty of probation violation.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion

opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams,* 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that his due process rights were violated because the probation officer who signed the warrant and who sent an email regarding petitioner's new arrest did not testify. Petitioner also argues that the trial judge considered inconsistent testimony from two witnesses, allowed hearsay evidence, and disregarded evidence that showed actual innocence.

In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). In order to establish a due process violation based upon the presentation of false or misleading testimony or evidence, a petitioner must show that the prosecutor knowingly elicited false material evidence. *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir.1998). Mere inconsistencies in testimony fails to establish knowing use of false testimony. *Id.* As noted above, the Due Process Clause merely gives an accused person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. *Martinez*, 444 U.S. at 284, n.9. In this case, it is clear that petitioner had a fair opportunity to present evidence and argument during his parole violation hearing.

The trial court considered the evidence presented during the probation violation hearing and found that petitioner violated his probation. Petitioner has not shown that the probation officer's potential testimony was relevant or necessary for the hearing. Moreover, the trial judge controls the presentation of evidence and determines whether sufficient evidence was presented to determine guilt. Matters relating to state law evidence are not cognizable in a federal habeas proceeding. "[S]uch an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly

> significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578. In the opinion of the undersigned, petitioner cannot show a violation of his due process rights.

Petitioner argues that the judge improperly sentenced him using the wrong guidelines and using information from dismissed charges during his arrest regarding obstructing and fighting with police officers. Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial

of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras*, 123 F. App'x at 213 (quoting *Roberts v. United States*, 445 U.S. 552, 556 (1980)); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras*, 123 F. App'x at 213 (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Further, petitioner does not even argue that the facts found by the court at sentencing were either materially false or based on false information. *Tucker*, 404 U.S. at 447. Such claims clearly fall far short of the sort of egregious circumstances implicating due process. As petitioner concedes, he was warned that if the court determined that he violated probation that his minimum sentence would fall between 43 months to 86 months. Petitioner's minimum sentence was 64 months. Petitioner's maximum sentence of 15 years was the

maximum sentence for unarmed robbery under MCL § 750.530. The state court's rejection of petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

Petitioner claims that he received ineffective assistance of standby counsel and appellate counsel. Petitioner claims that he was denied access to the law library while in the county jail, and that standby counsel did not obtain witnesses or evidence requested by petitioner. Petitioner claims that the prosecutor suppressed the names of four witnesses at the substance abuse center that could have provided testimony.

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but

for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

Petitioner represented himself at the probation violation hearing and was provided standby counsel. The undisputed evidence is that petitioner failed to comply with the terms of his probation. Petitioner seems to believe that the court should have allowed him to further develop his excuse and explanation for his failure to abide to the terms of his probation. Petitioner had the opportunity to cross-examine the witnesses against him and to testify during his probation violation hearing. Petitioner has not established that his standby counsel was ineffective during the hearing or failed to produce any evidence or necessary witness. The court rejected petitioner's argument and his excuses for failing to comply with his probation requirements. The judge explained: "it was [petitioner's] decision to leave the Guiding Light Mission before [petitioner] finished that program due to some issues with the director, and the issue being that [petitioner was not] given an overnight pass for the holidays to visit with your family." Probation Violation Hearing at 92, docket #28. Further, the court found that the evidence supported that petitioner did not report his change of residence to the probation agent within 24 hours after he made the change. *Id.* at 93-94. Petitioner has not shown that he was denied effective assistance of standby counsel or denied any evidence that

could have resulted in a not guilty finding by the court. Similarly, petitioner has failed to show that appellate counsel was ineffective for failing to raise an issue that lacked merit.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: December 31, 2014