UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

KEVIN DEVON BRIGGS,

       Petitioner,                          Case No. 2:12-CV-151

v.                                               HON. GORDON J. QUIST

MICHAEL CURLEY,

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Kevin Briggs, filed a petition for habeas corpus asserting five separate claims for relief. On December 31, 2014, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court deny the petition. Briggs timely filed objections to the R & R. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Briggs's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the Opinion of the Court.

Briggs argues that the prosecutor's failure to call as a witness the probation officer that signed his arrest warrant amounted to a violation of his rights under the Due Process Clause and the Confrontation Clause. There is nothing to indicate that the probation officer's testimony was necessary to prove the charges at issue, or that any testimonial statements of the probation officer were allowed into evidence. Accordingly, Briggs has failed to demonstrate a constitutional violation.

Briggs also claims that he was not properly charged, and was thus deprived of due process. Due process entitles a criminal defendant to "fair notice of the charges against him to permit adequate preparation of his defense." *Tegeler v. Renico*, 253 F. App'x 521, 526 (6th Cir. 2007) (internal quotation marks omitted). There is no due process violation where a charging document "fairly but imperfectly informs the accused of the offense for which he is to be tried." *Id.* Briggs does not dispute that he was informed of the charges against him, but rather appears to argue that the charges did not conform to state policy because they were filed by the wrong county. Even if that is true, it does not give rise to a due process violation. Accordingly, this claim fails.

Briggs takes issue with the magistrate judge's conclusion that his sentence did not violate due process, arguing that the magistrate judge erred in noting that Briggs conceded that he was warned of the sentence he would receive if he violated his probation. Even if Briggs never made such concession, however, there is nothing suggesting that the sentence violated due process.

Briggs objects to the magistrate judge's conclusion that there was no Sixth Amendment violation, arguing that his standby counsel was ineffective and that Briggs was rendered ineffective in representing himself because he did not have access to a law library. The Sixth Circuit has previously rejected similar arguments. As that court explained, any failure by standby counsel "is an incidental effect of [the criminal defendant's] decision to assert his *Faretta* rights, and not the basis of an ineffective assistance of claim." *Holmes v. United States*, 281 F. App'x 475, 480-81 (6th Cir. 2008). In other words, Briggs cannot waive his right to counsel and then complain that his standby counsel was ineffective because he did not visit him frequently enough or interview witnesses. The Sixth Circuit has also held that a criminal defendant who waives his right to counsel relinquishes his access to a law library, *United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990), and the Supreme Court has confirmed that such a claim is not a basis for federal habeas relief, *Kane v.*

*Garcia Espitia*, 546 U.S. 9, 10, 126 S. Ct. 407, 408 (2005) (per curiam). Accordingly, Briggs's objections regarding his Sixth Amendment claims are overruled.

Finally, Briggs makes several objections related to witness testimony offered during the probation revocation hearing. Although Briggs argues that the prosecutor offered perjured testimony, he offers no evidence to substantiate this claim. In essence, Briggs seems to argue that the trial court judge incorrectly weighed conflicting testimony. However, the trier of fact—not a federal habeas court—bears the responsibility of weighing the evidence and resolving conflicts in testimony. *See Isabell v. Curtis*, 36 F. App'x 785, 787 (6th Cir. 2002). Finally, to the extent that Briggs claims that a *Brady* violation occurred, he has failed satisfy any of the three components of a *Brady* claim. *See Bies v. Sheldon*, 775 F.3d 386, 397 (6th Cir. 2014) (listing components of a *Brady* claim).

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Briggs's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that

reasonable jurists could not find that this Court's dismissal of Briggs's claims was debatable or wrong. Thus, the Court will deny Briggs a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (dkt. # 46) is **ADOPTED** as the Opinion of the Court, and Petitioner's Petition (dkt. # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objection to the R & R (Dkt. # 47) is **OVERRULED**.

**This case is concluded.**

**A separate judgment will issue.**


Dated:  February 23, 2015                              /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE